Jones, Oliver B., J.
This case is heard on a motion to dismiss the appeal. Two grounds are urged: the first, that the appeal bond was filed September 29, 1915, the judgment having been entered June 29, 1915, — the bond having been filed more than thirty days after the judgment, Section 12226, General Code, was not complied with, and the appeal must therefore be dismissed.
The transcript filed with the papers herein shows that the appeal bond was given June 30, 1915, and *118 then approved by the clerk in accordance with the statute, but it appears that the clerk failed to note the giving of this bond upon the appearanceg docket or mark it as having been filed until September 29, 1915. The jurisdictional requirement of Section 12226 is that the undertaking should be'given, and that appears to have been done in this case. Of course it should be noted upon the appearance docket at the same time it is given, but such notation does not appear to be jurisdictional.
The second ground urged for dismissal is that under the terms of Section 6, Article IV of the Constitution as amended, this case is not appeal-able, as it is not equitable in its nature and is not a chancery case.
Prior to the amendment of the constitution cases in mandamus were appealable to the circuit court. (Dutton v. Village of Hanover, 42 Ohio St., 215, and State, ex rel., v. Philbrick, 69 Ohio St., 283.) The statute would still seem to permit such an appeal, if it alone were to be considered; but the amendment to the constitution providing for the organization and jurisdiction of the court of appeals has excluded a statutory proceeding such as mandamus from the.cases which can be reviewed in the court of appeals on appeal, and such review when desired must therefore be had by error proceedings.
The motion to dismiss will be granted.

Motion sustained.

Jones, E. H., P. J., and Gorman, J., concur. ^